724 F.Supp. 587 (1989)
Alice L. GRIFFIN, Plaintiff,
v.
Eddie THOMAS Jr., et al., Defendants.
No. 87 C 10749.
United States District Court, N.D. Illinois, E.D.
October 24, 1989.
Michael Radzilowsky, Radzilowsky & Dobish, Chicago, Ill., for plaintiff.
Patricia J. Whitten, Atty. and Karen Gatsis Anderson, Ass't. Atty., Chicago, Ill., Bd. of Educ., for defendants.

MEMORANDUM OPINION AND ORDER
SHADUR, District Judge.
Alice L. Griffin ("Griffin") has sued Eddie Thomas Jr. and Board of Education of the City of Chicago ("Board") for violating *588 her First and Fourteenth Amendment guaranties of freedom of association. Defendants have moved for summary judgment under Fed.R.Civ.P. ("Rule") 56. For the reasons stated in this memorandum opinion and order, defendants' motion is granted.

Facts[1]
At all times relevant to this action Griffin worked at the May School as a Board employee. During the same period Thomas was the principal at May School and was Griffin's direct line supervisor. For the 1984-85 school year and for 14 of the 16 prior years, Griffin had received a "superior" performance rating, the highest rating available to Board employees.
In March 1986 Griffin was injured in the course of her duties. That injury caused her to miss work for more than two months and also occasioned her filing of a workers' compensation claim with the Illinois Industrial Commission. At the end of the 1985-86 school year (after the filing of that claim), Thomas gave Griffin a reduction in her performance rating from "superior" to "excellent." Disappointed with the reduction in her rating, Griffin filed a grievance through the Chicago Teachers Union ("Union"). After having responded to the grievance, Thomas restored her "superior" rating in September 1986.
Within 24 hours of the time that Thomas was required to rescind the "excellent" evaluation, he reassigned Griffin to the position of classroom teaching assistant principal (in all prior years Griffin had served as an assistant principal without classroom responsibilities). In addition to that reassignment, Griffin claims Thomas harassed her in several other ways in retaliation for her having filed the grievance with Union. Because the parties' dispute as to the present motion for summary judgment involves only legal issues, there is no need for further detail as to Thomas' alleged retaliatory actions.

Freedom of Association
Defendants move for summary judgment on the sole ground that Griffin's conduct does not relate to a matter of public concern and therefore is not protected by the First Amendment.[2] To that end they rely on the basic principle articulated in Connick v. Myers, 461 U.S. 138, 146, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708 (1982):
When employee expression cannot fairly be considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment.
Indeed Connick, id. at 146-47, 103 S.Ct. at 1689-90 teaches that unless the allegedly protected speech or conduct can be characterized as touching on a matter of public concern, it is unnecessary for the courts to scrutinize the reasons for the employer's adverse conduct.
Griffin offers a two-tiered response to defendants' argument:
1. Because she bases her claim on the right to association, and not the right to free speech or to petition the government, she need not make the initial Connick showing of public concern.
2. Independently of that contention, her grievance in fact touched on matters of public concern, so that she can invoke the First Amendment  thus implicating a legal standard as to whose application *589 there are questions of fact remaining for trial.
Each of those arguments will be considered in turn.
For her first proposition, Griffin relies primarily on Hatcher v. Board of Public Education and Orphanage, 809 F.2d 1546, 1558 (11th Cir.1987), which holds that Connick is inapplicable to freedom of association claims. In addition to citing Hatcher and other Eleventh Circuit cases in the same vein, Griffin attempts to bolster her argument with reference to the special role that a teacher's right to free association plays in a free society. As authority for that self-evident and undisputed proposition, Griffin cites Shelton v. Tucker, 364 U.S. 479, 485-87, 81 S.Ct. 247, 250-52, 5 L.Ed.2d 231 (1960).
As for the latter, while Shelton certainly discusses the special importance of constitutional protections "in the community of American schools," it in no way distinguishes freedom of association from the other freedoms protected by the First and Fourteenth Amendment  indeed, it expressly links all those freedoms (id. at 486-87, 81 S.Ct. at 250-51). Thus Shelton fails to advance Griffin's cause  in fact, Shelton hinders that cause by treating freedom of association on a par with freedom of speech and with the right to petition the government for redress.
As for the linchpin of Griffin's arguments (Hatcher and its ilk), this Court declines to follow the lead of the Eleventh Circuit in this area. It favors instead the reasoning of the Sixth Circuit as expressed in Boals v. Gray, 775 F.2d 686 (6th Cir. 1985). After reviewing the background against which Connick was decided, Boals, id. at 692 concludes that there is "no logical reason for differentiating between speech and association in applying Connick to first amendment claims...."
This Court finds itself wholly unconvinced by Griffin's position. Like Boals, it agrees that such a distinction among the several rights protected by the First Amendment is nonsensical (see McDonald v. Smith, 472 U.S. 479, 485, 105 S.Ct. 2787, 2791, 86 L.Ed.2d 384 (1985)) and therefore turns to consider Griffin's second contention: that her grievance touched on a matter of public concern.
In defining the initial inquiry as to public concern, Connick, 461 U.S. at 147-48, 103 S.Ct. at 1690 stated this at the test:
Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record.
To apply that test properly, it is necessary to identify the employee's statement or action for which protection is being sought. Here that is Griffin's grievance as filed with Union  a grievance whose sole thrust was Thomas' reduction of her rating from "superior" to "excellent" at the end of the 1985-86 school year. Clearly Griffin's primary objective in filing that grievance was to resolve a personal dispute between herself and her superior. Just as clearly, such personal dispute resolution touches only on matters of private concern and not on those of public concern  a principle recently reconfirmed by our Court of Appeals in Gray v. Lacke, 885 F.2d 399, 412 (7th Cir.1989).
Griffin, however, urges that Thomas' retaliatory action affected the functioning of the school and thereby raised issues of concern for the faculty, students and parents of the community. But that argument misses the central point. Connick looks to the allegedly protected speech or action to make the public-versus-private concern determination (Rankin v. McPherson, 483 U.S. 378, 384-85, 107 S.Ct. 2891, 2896-97, 97 L.Ed.2d 315 (1987)), and thus not to the character of the response that the speech or act elicited.
Griffin also seems to think that because she filed her grievance with Union, she automatically raises an issue of public concern as to individuals' rights to participate actively in unions. But were this Court to accept that assertion, it would be sanctioning the use of technical and procedural strategies as a way to avoid Connick's substantive requirements (see Berg v. Hunter, 854 F.2d 238, 242 (7th Cir.1988) ("[p]ersonal grievances cloaked in the garb *590 of institutional dress are not thereby made matters of public concern")). Moreover, Gray v. Lacke, 885 F.2d at 412 implicitly rejects such a proposition by holding that the union grievances filed in that case touched only on matters of private and not those of public concern.

Conclusion
Connick requires a preliminary showing that the speech or action allegedly protected under the First Amendment touches on a matter of public concern  and that is so whether the underlying claim is based on the right to free speech, the right to petition the government or the right to associate. Because Griffin fails utterly to make such a showing, the factual issues in the case are not material  they are non-out-come-determinative (Donald v. Polk County, 836 F.2d 376, 379 (7th Cir.1988)). Defendants are entitled to a judgment as a matter of law. This action is dismissed with prejudice.
NOTES
[1] Familiar Rule 56 principles impose on the movant the burden of establishing the lack of a genuine issue of material fact (Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). For that purpose this Court is called on to draw all "reasonable inferences, not every conceivable inference" in the light most favorable to the nonmovantin this case Griffin (DeValk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 329 (7th Cir.1987)).
[2] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the First Amendment's underlying provisions (which of course impose limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).